1  **The Cardoza Law Corporation**
2  Michael F. Cardoza, Esq. (SBN: 194065)
   Mike.Cardoza@cardozalawcorp.com
3  Lauren B. Veggian, Esq. (SBN: 309929)
   Lauren.Veggian@cardozalawcorp.com
4  548 Market St. #80594
5  San Francisco, CA 94104
   Telephone:   (415) 488-8041
6  Facsimile:    (415) 651-9700
7  *Attorneys for Plaintiff,*
   Josephine Lee
8

9

10                **UNITED STATES DISTRICT COURT**
11                          **FOR THE**
                 **NORTHERN DISTRICT OF CALIFORNIA**
12

13  **JOSEPHINE LEE,**                    **Case No.: 3:22-cv-02718-SK**

14          Plaintiff,                    **FIRST AMENDED COMPLAINT**
                                          **FOR DAMAGES FOR**
15             v.                         **VIOLATIONS OF:**

16  **CITIBANK, N.A. AND**
    **PAYPAL, INC.**                      1. **THE ELECTRONIC FUND**
17                                           **TRANSFER ACT, 15 U.S.C. §§**
                                             **1693, ET SEQ.;**
18          Defendants.                   2. **NEGLIGENCE;**
19                                        3. **CALIFORNIA'S UNFAIR**
                                             **COMPETITION LAW, CAL.**
20                                           **BUS. & PROF. CODE §§**
                                             **17200, ET SEQ.; AND**
21                                        4. **CONVERSION**
22
23                                        **DEMAND FOR JURY TRIAL**

24  ///
25  ///
26  ///
27  ///
28

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

## INTRODUCTION

1. Plaintiff Josephine Lee was in Mexico on vacation when she happened to check her bank account and saw two pending transfers totaling just over $10,000. She received no fraud alerts regarding these two transfers. When she saw the unauthorized transfers, she immediately notified Citibank, who said they would take care of it. Instead of taking care of it, Citibank allowed those two transactions, and a third transaction for $9,900 to post to her account. Citibank has not provided credits for any part of the amount stolen from Plaintiff, and has refused to investigate Plaintiff's claim of unauthorized transfer due to identity theft.

2. **JOSEPHINE LEE** ("Plaintiff"), by her attorney, brings this action for actual damages, statutory damages, punitive damages, injunctive relief, restitution, attorneys fees, and costs, against **CITIBANK, N.A.** ("Defendant Citibank" or "Citibank") and **PAYPAL, INC.** ("Defendant PayPal" or "PayPal") (collectively referred to as "Defendants") for violations of the Electronic Fund Transfer Act, 15 U.S.C. §§ 1693 et seq. ("EFTA"), Cal. Bus. Code §§ 17200 et seq, conversion, and negligence.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members,

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

1   directors, heirs, successors, assigns, principals, trustees, sureties, subrogees,

2   representatives, and insurers of that Defendant named.

### JURISDICTION AND VENUE

3

4   7.   Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331, which grants this

5        court original jurisdiction of all civil actions arising under the laws of the United

6        States, 15 U.S.C. §§ 1693 et seq., and pursuant to 28 U.S.C. § 1367 for pendent

7        state law claims.

8   8.   This action arises out of Defendants' tortious act of negligence and violations

9        of the EFTA.

10  9.   Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and

11       transactions occurred here, Plaintiff resides here, and Defendants transact

12       business here.

### EFTA

13

14  10.  The stated purpose of the EFTA is to "provide a basic framework establishing

15       the rights, liability, and responsibilities of participants in electronic fund

16       transfer systems." 15 U.S.C. § 1693(b). EFTA's "primary objection…is the

17       provision of individual consumer rights." *Id*. Moreover, the language of EFTA

18       indicates that the consumer protection measures contemplated by it are aimed

19       at promoting disclosure, preventing fraud, and allocating liability. *Id*., at 1693d-

20       l.

### PARTIES

21

22  11.  Plaintiff is a natural person who resides in San Francisco County, California.

23       Plaintiff is currently and at all times complained of a "Person" as that term is

24       defined by Regulation E in 12 C.F.R. 1005.2(j), and a "Person" as that term is

25       defined by Cal. Bus. & Prof. Code §§ 17201 and 17203.

26  12.  Defendant Citibank, N.A. is a Delaware corporation operating from a

27       Headquarters address of 388 Greenwich Street, New York, NY 10013, and is a

28       "person" as defined by Regulation E in 12 C.F.R. 1005.2(j). Defendant is a

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

---

1   "Financial Institution" as that term is defined by Regulation E in 12 C.F.R.

2   1005.2(i). Defendant is a "Person" as that term is defined by Cal. Bus. & Prof.

3   Code §§ 17201 and 17203.

4   13.   Defendant PayPal, Inc. is a Delaware corporation operating from a headquarters

5   address of 2211 North First Street, San Jose, CA 95131, and is a "person" as

6   defined by Regulation E in 12 C.F.R. 1005.2(j). Defendant is a "Financial

7   Institution" as that term is defined by Regulation E in 12 C.F.R. 1005.2(i).

8   Defendant is a "Person" as that term is defined by Cal. Bus. & Prof. Code §§

9   17201 and 17203.

10                          FACTUAL ALLEGATIONS

11  14.   Plaintiff is an individual residing in San Francisco County, California.

12  15.   Plaintiff is informed and believes, and thereon alleges, that at all times relevant,

13        Defendant conducted and continues to conduct business in the State of

14        California.

15  16.   Plaintiff's account with Defendant Citibank constitutes an "account" as defined

16        by 15 U.S.C. § 1693a(2); and, 12 C.F.R. 1005.2(b)(1).

17  17.   The account opened in Plaintiff's name with Defendant PayPal constitutes an

18        "account" as defined by 15 U.S.C. § 1693a(2); and, 12 C.F.R. 1005.2(b)(1).

19  18.   On May 16, 2021, Plaintiff was in Mexico, and happened to check her Citibank

20        account and saw that there were two transactions she did not recognize – one for

21        $3,900 (5/12/2021) and one for $6,800 (5/14/2021) that were outgoing to PayPal.

22  19.   That same day, Plaintiff called Defendant Citibank and informed them of the

23        unauthorized transactions, told them she was in Mexico at the time, and asked that

24        the transactions be reversed. The Citibank representative told her not to worry

25        about it, and that they would take care of it.

26  20.   Because Defendant Citibank reassured her they would take care of it, Plaintiff did

27        not close her account.

28  ///

THE CARDOZA LAW CORPORATION
548 MARKET ST, #80594
SAN FRANCISCO, CA 94104

21. Plaintiff also called Defendant PayPal to let them know what happened and that the transactions it would be receiving from her Citibank account were unauthorized, and PayPal refused to provide any information.

22. Plaintiff checked her Citibank account again on May 19, 2021, and saw that there was a *third* unauthorized charge for $9,900 (5/18/2021), and that the other two transactions were still on her account – Defendant Citibank had not reversed the charges or provided credits for the first two charges.

23. Plaintiff again called Defendant Citibank on May 19, 2021, to ask what happened with the first two unauthorized charges and to report the third unauthorized charge. On this call Plaintiff also told Citibank there was a phone number and an email on her account that she did not recognize.

24. At no time did Citibank require Plaintiff to confirm her disputes in writing.

25. Defendant Citibank did not reverse any of the three unauthorized charges or provide any provisional credit.

26. On information and belief, Defendant Citibank did not investigate Plaintiff's claims.

27. Plaintiff again called Defendant PayPal to ask them to return the money from the two posted transactions and to inform them of the third unauthorized transaction.

    a. PayPal still refused to provide any information to Plaintiff despite Plaintiff spending hours on the phone attempting to get more information on where her money was.

28. At no time did Defendant PayPal require Plaintiff to confirm her disputes in writing.

29. Plaintiff returned to the U.S. from Mexico on May 20, 2022, and called both Defendant Citibank and Defendant PayPal numerous times attempting to get her money returned and to get more information on who removed it from her account in the first place.

    a. Plaintiff spent hours on the phone with both Defendants individually.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

b. Defendant Citibank told Plaintiff it would get back to her via mail in 14 days.

c. Defendant PayPal still refused to provide Plaintiff with any information, claiming they couldn't find any transaction linked to Plaintiff in any way.

30. On May 24, 2021, Plaintiff went into the West Portal Citibank branch and spoke with Brett M. regarding her claim. Plaintiff called into Citibank later that day and was informed that her claim was denied.

31. Plaintiff received a letter from Defendant Citibank dated May 27, 2021, stating that because Plaintiff had used Citibank's bill pay service before (the source of the unauthorized transactions), Plaintiff would have to contact the merchant for reimbursement if necessary – but that Citibank would not do anything further to help her get her money back.

32. Plaintiff does not remember ever using Citibank's bill pay service.

33. On June 4, 2021, Plaintiff went into the Noriega Citibank branch and spoke with Lily Z., where Plaintiff appealed the denial.

34. On June 4, 2021, Plaintiff also called the Taraval Police Department and was told that filing a local report was "useless" – they advised her to file an internet crimes report, which she did.

35. On June 27, 2021, Plaintiff submitted an FDIC Complaint against Citibank and contacted the CFPB.

36. On June 28, 2021, Citibank denied her claim again.

37. On July 1, 2021, Plaintiff submitted a CFPB complaint against Citibank.

38. Plaintiff called Citibank on July 2, July 4, and July 9, 2021 again to check the status of her appeal.

39. On July 10, 2021, a Citibank representative called Plaintiff to ask questions about her case. This was the first time the person from Citibank who called Plaintiff actually knew about the history of her case.

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

40.  On July 13, 2021, Citibank again denied her claim. The denial stated that a one time password was sent to Plaintiff's phone number, but she never received this contact or any other contact about the three unauthorized charges that cleared her account. Plaintiff's phone was on airplane mode between 5/12/2021 and 5/20/2021.

41.  On July 13, 2021, Citibank also provided Plaintiff with a "merchant transaction report" which included detailed information about the transactions (and showed they went to a PayPal account).

42.  Plaintiff then called PayPal again to ask for information and get her money back, and PayPal *still* could not find any information with Plaintiff's Citibank account information listed on it, and refused to look further into it.

43.  Plaintiff called Citibank on July 13, July 14, July 16, and July 23, 2021, to request transcripts of all calls and voice recordings from the initial call Plaintiff made on 5/16/2021, and was told not to worry – Plaintiff never received the recordings.

44.  Plaintiff also made numerous requests to Defendant Citibank for the documents they used in their investigation, but did not receive the documents even after multiple requests.

45.  On July 16, 2021, Plaintiff filed an OCC complaint, and filed a consumer complaint with the SF District Attorneys' office.

46.  On July 16, 2021, Plaintiff called PayPal again, who again could find no record of Plaintiff's Citibank account or routing numbers.

47.  On July 16, 2021, Plaintiff went to the Taraval Citibank branch and was told to call the fraud department. A branch associate called the fraud department with Plaintiff in the branch, and Plaintiff was again told she would receive all of the documents Citibank used in its investigation. Plaintiff did not receive the documents.

48.  On July 18, 2021, Plaintiff filed a police report at the Richmond San Francisco Police Department (who inaccurately cited the bank at issue as Chase, which

Plaintiff is working on supplementing to correct this issue), after she was advised numerous times by the Taraval San Francisco Police Department that a police report was not necessary.

49. On July 21, 2021, Plaintiff filed a second CPFB complaint against Citibank.

50. On July 29, 2021, Citibank responded to Plaintiff's CPFB complaint listing the details of the transaction, and stating that Plaintiff needed to contact PayPal for further assistance.

    a. The letter stated that the $9,900 transaction originated on the mobile app using a Google Pixel on May 17, 2021.

    b. It also stated that because Plaintiff had contacted them the day before this transaction, there was no payment to stop. This was false because there were the two other payments that Plaintiff had asked Citibank to stop because they were fraudulent.

    c. Citibank claimed the PayPal account that the bill pay unauthorized transactions went to was attached to Plaintiff's Citibank account around September 28, 2010 – this was later found to be untrue when PayPal finally gave Plaintiff information that showed the PayPal account to which the fraudulent transfers were made was created in May 2021.

51. On August 9, 2021, Citibank refused to provide Plaintiff with the recording of the 5/16/2021 phone call, stating they required a subpoena or court order to release those recordings.

52. On August 30, 2021, Plaintiff contacted PayPal again, and they were still unable to find any information related to these unauthorized transfers, even though Plaintiff provided the Citibank documents she had to PayPal.

53. On August 31, 2021, Plaintiff contacted Citibank's fraud department and Citibank suggested they might be able to do a 3 way call with PayPal – this idea was shot down by another representative at Citibank and never happened.

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

FIRST AMENDED COMPLAINT FOR DAMAGES, 3:22-CV-02718-SK      PAGE 7 OF 22

54. On September 1, 2021, Citibank responded providing Plaintiff with an IP address, but no IMEI to determine the phone from which the transaction(s) were made.

55. On September 23, 2021, Citibank denied Plaintiff's claim again – she received a call from "Cameron" at Citibank's Office of the President, who stated they considered her case closed and would no longer respond to her requests for review, and would not answer any further questions.

56. On October 1, 2021, Plaintiff filed a CFPB complaint against PayPal. Plaintiff's police report was attached to and provided to PayPal via this CFPB complaint.

57. PayPal responded to Plaintiff's CFPB complaint on October 15, 2021, stating that the original account was created with Plaintiff's email address in 2010, and that a second account was created in Plaintiff's name on May 8, 2021, using the email address "barbaraqwest@outlook.com." It was the second account that all of the fraudulent transfers were made to.

    a. The transfers to the second, unauthorized PayPal account totaled $20,600.

    b. On June 14, 2021, a debit card was added to the unauthorized PayPal account, and the $20,600 was withdrawn from the unauthorized PayPal account either to the debit card, or for other transactions on PayPal.

    c. PayPal's CFPB response noted that the CFPB complaint "notified" PayPal that Plaintiff was disputing the validity of the activity regarding the unauthorized PayPal account, PayPal conducted an additional review of the unauthorized account and found Plaintiff's claim of identity theft to be valid.

    d. PayPal also provided a document in response to the CFPB complaint showing the fraudulent account information.

58. On October 17, 2021, Plaintiff filed an FTC Identity Theft Affidavit.

59. On October 21, 2021, Plaintiff updated her Richmond SFPD police report with all supporting documents regarding the theft of Plaintiff's identity.

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

60. Plaintiff submitted a third CFPB complaint against Citibank on November 22, 2021. Plaintiff's police report was attached to and provided to Citibank via this CFPB complaint.

61. Though PayPal eventually came to the proper conclusion of identity theft, they spent months with actual knowledge that Plaintiff's money was somewhere in a PayPal account, still permitted a third party to withdraw the full amount of stolen funds from the unauthorized PayPal account, and did nothing to secure the account after Plaintiff originally notified PayPal of the issue in May 2021.

62. Despite concluding that the transactions and opening of the second PayPal account were all due to identity theft, PayPal did nothing to recover the money from the thief, and did not return the money to Plaintiff. PayPal continued to tell Plaintiff she needed to take it up with the bank and that they had no responsibility for returning the money.

63. The abovementioned charges were unauthorized electronic fund transfers as defined by 15 U.S.C. § 1693a(12); and 12 C.F.R. 1005.2(m).

64. At no point did either Defendant request additional information from Plaintiff to assist with either Defendant's investigation.

65. On information and belief, at no point did either Defendant contact the San Francisco Police Department.

66. Defendants both failed to provisionally re-credit Plaintiff within 10 days of Plaintiff's disputes each time a dispute was made.

67. Defendant Citibank's form letters failed to provide an explanation regarding its decision to reject Plaintiff's claims.

68. Defendant Citibank did not make a good faith investigation of any the unauthorized electronic fund transfers.

69. Defendants did not have a reasonable basis for believing that Plaintiff's account was not in error.

///

70. Defendants knowingly and willfully concluded that Plaintiff's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to Defendant at the time of its investigation.

71. Through this conduct, Defendants violated 15 U.S.C. § 1693f.

72. Defendants imposed liability on Plaintiff for the entirety of the disputed transactions and fees of around $20,600.

73. Through this conduct, Defendants violated 15 U.S.C. § 1693g(a).

74. Defendants knew that it had a legal duty to ensure that Plaintiff received required notices, to conduct a reasonable investigation into her fraud claim, to provisionally re-credit her account while each investigated and to protect Plaintiff's account(s) with their respective institutions after they were made aware of the identity theft issue in May 2021.

75. Defendants did not comply with those duties and these failures were a direct and proximate cause of Plaintiff's damages.

76. Defendants' despicable and outrageous conduct was performed knowingly, deliberately, and willfully, with reckless disregard of the probable consequences, they were oppressive to Plaintiff, and they were malicious in that Plaintiff's suffering as a result of Defendants' conduct was a virtual certainty.

## ACTUAL DAMAGES

77. Plaintiff has suffered actual damages as a result of these illegal tactics by these Defendants in the form of, pecuniary loss, invasion of privacy, personal embarrassment, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

///

///

///

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST, #80594
SAN FRANCISCO, CA 94104

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE EFTA

### 15 U.S.C. §§ 1693, ET SEQ.

### [AGAINST ALL DEFENDANTS]

78. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

79. The foregoing acts and omissions constitute numerous and multiple violations of EFTA.

### COUNT II

### NEGLIGENCE

### [AGAINST ALL DEFENDANTS]

80. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

81. A defendant is liable for the tort of negligence when it fails to use reasonable care to prevent harm to others, and when the defendant's actions or failure to act is a substantial factor in causing harm to the plaintiff.

82. Defendants each violated at least one of their respective general duties of care to Plaintiff when it, inter-alia, willingly harassed, lied to, and failed to make a full and proper investigation into Plaintiff's claim of fraud and theft. Defendants each specifically failed to secure Plaintiff's account(s) with their respective institutions, causing further loss of funds due to unauthorized transfers.

83. As a direct result of Defendants' lack of due care, Plaintiff suffered actual damages in an amount to be proven at trial.

///

///

///

///

COUNT III

VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW

CAL. BUS. & PROF. CODE §§ 17200, ET SEQ. (UCL)

[AGAINST ALL DEFENDANTS]

84. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**Unlawful**

85. Defendants violated EFTA's regulations regarding prevention and investigation of fraud and violated the law by failing to prevent unauthorized transactions on Plaintiff's account(s), and then failing to return the funds once the fraud was pointed out to it.

86. Defendants' unlawful business practices directly harmed Plaintiff since Plaintiff has suffered monetary damages due to said conduct.

87. This illegal conduct exacerbated the hardship currently being suffered by Plaintiff since Plaintiff is already experiencing financial hardships as a result of the current economic downturn.

88. Thus, Defendants' conduct has violated the "unlawful" prong of the Cal. Bus. & Prof. Code § 17200.

**Unfair**

89. Cal. Bus. & Prof. Code § 17200 prohibits any "unfair ... business act or practice."

90. Defendants' actions as described above were contrary to public policy and generally recognized standards of business and industry practices.

91. Defendants engaged in the following unfair conduct in violation of § 17200:

    a. As discussed above, Defendants have failed to prevent withdrawal of funds by someone other than Plaintiff without written or oral authorization for that person to do so.

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

b. Defendants failed to return Plaintiff's money when Plaintiff notified it of the unauthorized access to her bank card.

c. Defendants failed to maintain and follow procedures to investigate a consumer's claims of theft and unauthorized transactions.

d. When notified of the unauthorized transactions and theft, Defendant Citibank did not conduct an investigation into Plaintiff's allegations, and simply denied Plaintiff's claim and refused to return Plaintiff's money.

e. When notified of the unauthorized transactions and theft, Defendant PayPal did nothing to secure Plaintiff's account against further unauthorized use, and their lack of action permitted the thief to remove money from the unauthorized second PayPal account *after* PayPal was already aware of the identity theft issue.

f. Upon information and belief, Defendants fail to maintain adequate procedures related to the investigation of claims of theft and unauthorized transactions.

g. Upon information and belief, Defendants maintained policies and procedures regarding unauthorized transactions that routinely deny legitimate disputes and fail to secure account(s) even after Defendants are notified of unauthorized activity on Plaintiffs' respective accounts.

h. Defendant Citibank's failure to reopen its investigation and review upon request and upon being confronted with undeniable proof that Plaintiff had been the victim of unauthorized transactions and theft shows a pattern and practice of rejecting any request for further investigation and is patently unfair in violation of the statute.

i. Defendant PayPal's failure to secure Plaintiff's account in May 2021 after it was made aware of unauthorized transfers into a PayPal account associated with Plaintiff shows a pattern and practice of failure to

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

1    safeguard consumers accounts upon discovery of a theft/unauthorized

2    use issue, and is patently unfair in violation of the statute.

3   92. Defendants' acts, omissions, misrepresentations, and practices as alleged herein

4    also constitute "unfair" business acts and practices within the meaning of the

5    UCL in that its conduct is substantially injurious to consumers, offends public

6    policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity

7    of the conduct outweighs any alleged benefits attributable to such conduct.

8   93. There were reasonably available alternatives to further Defendants' legitimate

9    business interests, other than the conduct described herein.

10   94. Plaintiff reserves the right to allege further conduct which constitutes other

11    unfair business acts or practices.  Such conduct is ongoing and continues to this

12    date.

13   95. In order to satisfy the "unfair" prong of the UCL, a consumer must show that

14    the injury: (1) is substantial; (2) is not outweighed by any countervailing

15    benefits to consumers or competition; and, (3) is not one that consumers

16    themselves could reasonably have avoided.

17   96. Here, Defendants' conduct has caused and continues to cause substantial injury

18    to Plaintiff since Plaintiff has suffered injury in fact due to Defendants' failure

19    to prevent withdrawal of funds by someone other than Plaintiff without written

20    or oral authorization for that person to do so, and failure to return the funds once

21    the issue was pointed out.

22   97. Moreover, there is no benefit to consumers where Defendants fail to ensure use

23    of one of its accounts by the owner of the account, and fails to return money to

24    a consumer who has had their account improperly debited after the improper

25    debit is brought to Defendants' attention. Thus, the injury suffered by Plaintiff

26    is not outweighed by any countervailing benefits to consumers.

27   98. Finally, the injury suffered by Plaintiff is not an injury that these consumers

28    could reasonably have avoided since Defendants did not notify Plaintiff of

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST, #80594
SAN FRANCISCO, CA 94104

unusual transactions/activity on her account, Defendants failed to prevent withdrawal of funds by someone other than Plaintiff without written or oral authorization for that person to do so, and failed to return the funds once the issue was pointed out.

99. As such, Defendants took advantage of Defendants' position of perceived power in order to avoid returning Plaintiff's money to her.

100. The injury suffered by Plaintiff is not an injury which Plaintiff could reasonably have avoided.

101. Thus, Defendants' conduct has violated the "unfair" prong of the Cal. Bus. & Prof. Code § 17200.

### FRAUDULENT

102. The Cal. Bus. & Prof. Code § 17200 prohibits any "fraudulent ... business act or practice."

103. Defendant's actions as described above were contrary to public policy and generally recognized standards of business and industry practices.

104. Defendant Citibank engaged in the following fraudulent conduct in violation of § 17200:

    a. As discussed above, Defendant Citibank was informed of two unauthorized, fraudulent transactions ($3,900 on 5/12/2021, and $6,800 on 5/14/2021) by Plaintiff on May 16, 2021. Defendant Citibank told Plaintiff she did not have to worry about these transactions, and they would take care of it.

    b. Citibank not only permitted the first two unauthorized, fraudulent transactions to post to Plaintiff's account with no credit issued, it permitted a third unauthorized, fraudulent transaction of $9,900 to go through on May 18, 2021.

    c. Citibank did no investigation into these three unauthorized, fraudulent transactions, provided no provisional credits, and denied Plaintiff's

claim as to these three unauthorized, fraudulent transactions on numerous occasions.

d. Citibank represented to Plaintiff that she was responsible for the unauthorized transfers because she used their billpay service all the time, but provided no other investigation or information about an investigation as to why she was being held responsible for these amounts.

e. Citibank knew that there was an unrecognized and unauthorized email address and phone number that had been added to Plaintiff's account in May 2021, and they did nothing to secure Plaintiff's account after Plaintiff notified Citibank of the unauthorized, fraudulent transactions.

f. Citibank denied Plaintiff's claim and appeals of her claim on at least five occasions, and was told by someone in the Citibank President's Office that Citibank would no longer respond to any of her appeals or answer any more of her questions.

g. Citibank refused to provide Plaintiff with the recording of her original phone call to Citibank on May 16, 2021, where she originally reported the unauthorized transactions.

h. Citibank refused to provide Plaintiff with complete information on the identifiers of the person who actually performed the unauthorized transfers out of her Citibank account.

i. Defendant Citibank's acts, omissions, misrepresentations, and practices as alleged herein also constitute "fraudulent" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

j. There were reasonably available alternatives to further Defendant Citibank's legitimate business interests, other than the conduct described herein.

105. Defendant PayPal engaged in the following fraudulent conduct in violation of § 17200:

a. As discussed above, Defendant PayPal was informed of three unauthorized, fraudulent transactions ($3,900 on 5/12/2021, $6,800 on 5/14/2021, and $9,900 on 5/18/2021) that were transferred into a newly, fraudulently opened PayPal account in Plaintiff's name on May 8, 2021. Defendant PayPal told Plaintiff they had no information on any of these transactions.

b. PayPal did nothing to secure Plaintiff's account or investigate into the newly opened account or the activity therein, and permitted the thief to add a debit card and remove the $20,600 from the unauthorized PayPal account *after* PayPal had already been informed of the unauthorized transfers.

c. PayPal did no investigation into these three unauthorized, fraudulent transactions until Plaintiff issued a CFPB Complaint on October 1, 2021, almost five months after Plaintiff originally reported the unauthorized activity and theft to PayPal.

d. PayPal knew that there was an unrecognized and unauthorized email address and phone number that had been added to Plaintiff's account in May 2021, and they did nothing to secure Plaintiff's account after Plaintiff notified PayPal of the unauthorized, fraudulent transactions.

e. PayPal represented to Plaintiff that not only could they not figure out what happened to Plaintiff's money for *months*, but they could not even provide Plaintiff any information at all or make any connection between Plaintiff's legitimate PayPal account, the fraudulent PayPal account,

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

the bank account information, or any personal identifying information of Plaintiff's.

f. However, within 14 days of the filing of a CFPB complaint against them, PayPal was able to figure out exactly what happened to Plaintiff's money in the unauthorized PayPal account opened in Plaintiff's name.

g. PayPal finally came to the correct conclusion that the PayPal account had been opened and used fraudulently, but this did not happen until October 15, 2021, more than five months after the second PayPal account was fraudulently opened, more than five months after PayPal was made aware there were theft issues related to the unauthorized account, and more than 4 months after the thief removed the entirety of the $20,600 of unauthorized transfers out of the unauthorized PayPal account.

h. Defendant PayPal's acts, omissions, misrepresentations, and practices as alleged herein also constitute "fraudulent" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

i. There were reasonably available alternatives to further Defendant PayPal's legitimate business interests, other than the conduct described herein

106. Plaintiff reserves the right to allege further conduct which constitutes other fraudulent business acts or practices. Such conduct is ongoing and continues to this date.

107. In order to satisfy the "fraudulent" prong of the UCL, a consumer must show:

(1) The representation, omission or practice must mislead or be likely to mislead;

(2) The customer's interpretation of the representation, omission or practice must

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

be reasonable under the circumstances; and (3) The misleading representation, omission or practice must be material.

108. Here, Defendant Citibank's conduct was misleading in that it did not adequately explain the reason for claim denial and it did not perform an investigation into the alleged error at all before refusing to return the money.

109. Here, Defendant PayPal's conduct was misleading in that it told Plaintiff for months that it could not figure out what happened to Plaintiff's money, did nothing to secure any account associated with Plaintiff, failed to investigate the alleged unauthorized use of a PayPal account, and failed to return Plaintiff's money.

110. Plaintiff's response and interpretation of Citibank's behavior was reasonable under the circumstances because she was told by the representatives that this situation was not a big deal, and that they would resolve the issue in her favor.

111. Plaintiff's response and interpretation of PayPal's behavior was reasonable under the circumstances because she was told by PayPal that they didn't know where the money was, or how Citibank was involved – they told her they had no information.

112. Each Defendant's misleading conduct was material in that it affected the way in which Plaintiff handled the situation, it caused the money to be transferred out of the unauthorized PayPal account even after PayPal was aware of the theft/fraud issue, and Citibank prevented Plaintiff from obtaining further information on who did this, how it happened, and Citibank refused to even credit her the money provisionally while they investigated. It prevented Plaintiff from properly addressing the situation because she was lied to repeatedly by both parties.

113. As such, each Defendant took advantage of their positions of perceived power in order to avoid returning Plaintiff's money to her.

114. The injury suffered by Plaintiff is not an injury which Plaintiff could reasonably have avoided.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

115. Thus, each Defendant's conduct has violated the "fraudulent" prong of the Cal. Bus. & Prof. Code § 17200.

**COUNT IV**

**CONVERSION**

116. Plaintiff incorporates, by reference, all of the above paragraphs of this Complaint as though fully stated herein.

117. Plaintiff had a right to possession of her money at all times herein as Plaintiff is the owner of the money and did not authorize anyone to take or withdraw the money from her account.

118. More importantly, Plaintiff had a right to possession of her money at the time it was brought to Defendant's attention that the money had been fraudulently spent, as she is the owner of the money, and did not authorize anyone to take or withdraw the money from her account. At present, Plaintiff is still the rightful owner of the money and has a continuing right of possession in the money.

119. Defendants have intentionally and substantially interfered with Plaintiff's property by wrongfully failing to return Plaintiff's money, by preventing Plaintiff from having access to her money, and by refusing to return Plaintiff's money to Plaintiff after Plaintiff demanded its return.

120. Plaintiff did not and does not consent to Defendants' possession of Plaintiff's money.

121. Defendants unlawfully converted Plaintiff's money, to Plaintiff's detriment causing Plaintiff damage.

122. Plaintiff should therefore be indemnified for all her losses which are the natural, reasonable, and proximate result of Defendant's conduct. In addition, Plaintiff should be compensated for the time and money reasonably spent trying to get her property back.

123. Defendant has caused Plaintiff actual damages including but not limited to pecuniary loss, loss of use of her money, inconvenience, and emotional distress.

THE CARDOZA LAW CORPORATION
548 MARKET ST, #80594
SAN FRANCISCO, CA 94104

124. Defendant's conduct is not only a substantial factor in causing Plaintiff's harm, but also currently the only factor causing Plaintiff's harm.

125. As a result of Defendant's conduct, Plaintiff is entitled to actual damages, including economic and non-economic damages, and punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

a) Award of compensatory damages for losses, in an amount to be determined at trial, pursuant to the common law of torts against each Defendant and for Plaintiff, and,

b) Award for interest on the amount of losses incurred at the prevailing legal rate against each Defendant and for Plaintiff, and,

c) Award for pre-judgment interest against each Defendant and for Plaintiff, and,

d) Award of exemplary and punitive damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 3924 against each Defendant and for Plaintiff, and,

e) Award of actual damages pursuant to 15 U.S.C. § 1693m(a)(1) against each Defendant and for Plaintiff, and,

f) Award of treble damages pursuant to 15 U.S.C. § 1693f(e), against each Defendant and for Plaintiff, and,

g) Award of statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A), against each Defendant and for Plaintiff, and,

h) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1693m(a)(3), against each Defendant and for Plaintiff,

i) As a result of each and every violation of the UCL, Plaintiff is entitled to restitution of any money which each Defendant acquired by means of unlawful, unfair, and or deceptive practice pursuant to Cal. Bus. & Prof. Code § 17203;

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

j)  Any declaratory and/or injunctive relief the court deems appropriate pursuant to Cal. Bus. & Prof. Code § 17203;

k)  An Order that Defendants immediately return Plaintiff's money to her;

l)  An award of interest on Plaintiff's money, calculated from the date of conversion at the legal rate;

m) An award of actual damages, including economic and non-economic damages;

n)  An award of exemplary damages;

o)  An award of costs incurred herein;

p)  An award of punitive damages;

q)  That the Court preliminarily and permanently enjoin each Defendant from engaging in the unfair and/or unlawful practices stated herein, and

r)  Award to Plaintiff of such other and further relief as may be just and proper, including but not limited to, restitution, declaratory and injunctive relief.

**TRIAL BY JURY IS DEMANDED**

126. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

**THE CARDOZA LAW CORPORATION**

DATED: June 2, 2022

BY: /s/ Lauren B. Veggian
Michael F. Cardoza, Esq.
Lauren B. Veggian, Esq.
Attorneys for Plaintiff,
Josephine Lee

## ELECTRONICALLY STORED INFORMATION REQUEST

This notice is to demand that you preserve all documents, tangible things and electronically stored information ("ESI") potentially relevant to any issues in the above-entitled matter. This specifically includes, but is not limited to, all information pertaining to the above matter, including specifically all recordings of any telephone communication between your company and Plaintiff.

As used in this request, "you" and "your" or "your client" refers to your organizations, and its predecessors, successors in interest, assignees, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, employees, servants, agents, attorneys, and accountants.

Much of the information subject to disclosure or responsive to discovery is stored on your client's current and former computer systems and other media and devices (such as: personal digital assistants, voice-messaging systems, online repositories and cell phones).

Electronically stored information ("ESI") should be afforded the broadest possible definition and includes (for example and not as an exclusive list) potentially relevant information whether electronically, magnetically or optically stored.

This preservation obligation extends beyond ESI in yours or your client's care, possession or custody and includes ESI in the custody of others that is subject to your client's direction or control. You must notify any current or former agent, attorney, employee, custodian or contractor in possession of potentially relevant ESI to preserve such ESI to the full extent of your client's obligation to do so, and you must try to secure their compliance.

THE CARDOZA LAW CORPORATION
548 MARKET ST, #80594
SAN FRANCISCO, CA 94104

## PROOF OF SERVICE

I am a resident of the State of South Carolina, over the age of eighteen years, and not a party to the within action. My business address is The Cardoza Law Corporation, 548 Market Street #80594, San Francisco, CA 94104. On June 2, 2022, I served the within document(s):

### FIRST AMENDED COMPLAINT

☒      E-MAIL - by transmitting via e-mail the document(s) listed above to the e-mail address(es) set forth below on this date before 11:59 p.m.

☐      MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco County, California addressed as set forth below.

☐      USPS Certified Mail - by placing the document(s) listed above in a sealed envelope with certified mail postage thereon fully prepaid, return receipt requested, in the United States mail at San Francisco County, California addressed as set forth below.

☐      PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐      CM/ECF - by transmitting electronically the document(s) listed above to the electronic case filing system on this date before 11:59 p.m.  The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record who are registered with the Court's CM/ECF system.

| | |
|---|---|
| Brian H. Gunn | Lyndsey C. Heaton |
| Wolfe & Wyman, LLP | Sideman & Bancroft, LLP |
| 2033 N. Main Street, Suite 365 | One Embarcadero Center |
| Walnut Creek, CA 94596 | Twenty-Second Floor |
| bhgunn@ww.law | San Francisco, CA 94111 |
| *Counsel for Citibank, N.A.* | lheaton@sideman.com |
| | *Counsel for PayPal, Inc.* |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on June 2, 2022, at Beaufort County, South Carolina.

BY: /s/ Lauren B. Veggian

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

ELECTRONICALLY STORED INFORMATION REQUEST